```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/5/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL HENRY,

                              Plaintiff,

          -against-

DEPARTMENT OF CORRECTIONS,

                              Defendant.

24-CV-2380 (MKV)

**ORDER OF SERVICE**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who currently is incarcerated at Woodbourne Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendant violated his federal constitutional rights when he was detained in a facility on Rikers Island. [ECF No. 1]. The Court also construes the complaint as asserting claims under the Americans with Disabilities Act of 1990. By Order dated May 29, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons set forth below, the Court: (1) directs the Clerk of Court, pursuant to Rule 21 of the Federal Rules of Civil Procedure, to replace Defendant New York City Department of Correction ("DOC") with the City of New York; (2) further directs the Clerk of Court to add as Defendants Correction Officer Simmons and John Doe Officers 1–5; (3) directs DOC, under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to assist Plaintiff in identifying Correction Officer Simmons and the John Doe Officers; and (4) requests that the City of New York waive service of summons.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).  Plaintiff submitted the complaint without a prisoner authorization.  By order dated March 29, 2024, Chief Judge Laura Taylor Swain directed Plaintiff to submit a prisoner authorization. The Court received Plaintiff's prisoner authorization on May 22, 2024.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

**I.    Claims Against the New York City Department of Correction**

Plaintiff's claims against DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and his intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of

2

New York.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

## II.    Defendants Correction Officer Simmons and John Doe Officers

In his complaint, Plaintiff references Correction Officer Simmons, whom he alleges was personally involved in failing to protect him from assault on May 28, 2023.  Plaintiff also references being subjected to unconstitutional conditions of confinement and denial of medical care by an unspecified number of unidentified DOC employees.  Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party."  Fed R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").  Under this Rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

In light of Plaintiff's *pro se* status and his likely intention to assert claims against Correction Officer Simmons and other John Doe Defendants, the Court directs the Clerk of Court to add as Defendants Correction Officer Simmons and John Doe Officers 1–5 and to amend the caption

3

accordingly.[2]  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses these Defendants may wish to assert.

### III.    *Valentin* Order and Amended Complaint

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the City of New York to provide full identifying information for Correction Officer Simmons and the John Doe Officers whom Plaintiff alleges subjected him to unconstitutional conditions of confinement in a vestibule on or around May 28, 2023 to June 1, 2023.  It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identities and badge numbers of the John Doe Officers whom Plaintiff seeks to sue here and the address where the Defendants may be served.[3]  The New York City Law Department must provide this information to Plaintiff and the Court within thirty days of this Order, by September 4, 2024.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe Officers and providing Correction Officer Simmons's full name.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended

---

[2] Since it is not clear how many officer defendants were involved, John Doe Officers 1–5 serve as placeholders to represent the DOC employees who allegedly kept Plaintiff housed in a vestibule for five days without a toilet, and allegedly denied him access to medical care.

[3] If a Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If a Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

complaint, the Court will screen the amended complaint and, if necessary, issue an Order asking the newly added Defendants to waive service.

**IV.    Waiver of Service**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that the City of New York waive service of summons.

**V.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendant City of New York must serve responses to these standard discovery requests.  In their responses, Defendant City of New York must quote each request verbatim.[4]

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction.  *See* N.Y. City Charter ch. 17, § 396.  The Clerk of Court is respectfully requested to add the City of New York as a Defendant under Fed. R. Civ. P. 21 and to amend the caption accordingly.

The Clerk of Court is further respectfully requested to add as Defendants under Fed. R. Civ. P. 21 Correction Officer Simmons and John Doe Officers 1–5 and to amend the caption accordingly.

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Clerk of Court is respectfully requested to mail a copy of this Order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

The Clerk of Court is respectfully requested to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the City of New York waive service of summons.

The Clerk of Court is also directed to mail a copy of this Order and an information package to Plaintiff.  An amended complaint form is attached to this Order.

Local Civil Rule 33.2 applies to this action.


**SO ORDERED.**

**Date:  August 5, 2024**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED COMPLAINT**

Jury Trial:   ☐ Yes      ☐ No
*(check one)*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff          Name _____

                      Street Address _____

                      County, City _____

                      State & Zip Code _____

                      Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                                        1

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

| What happened to you? |

_____

_____

_____

| Who did what? |

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

_____

| Who else saw what happened? |

_____

_____

_____

### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Mailing Address    _____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number    _____

*Rev. 12/2009*                                            4