USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL HENRY,

                        Plaintiff,

-against-

LISA SIMMONS, HASAN WILLIAMS,
ROMMEL PARRIS, and VINAYAK SHASTRI,

                        Defendant.

24-CV-2380 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

       Plaintiff, who is proceeding *pro se,* filed this action on March 25, 2025. Upon opening this new action, the Clerk's Office docketed the court's March 18, 2024 Standing Order, directing all self-represented litigants to inform the court of each change of address or electronic contact information. *See* [ECF No. 3]; *In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) ("Standing Order"). The Court mailed this order to Plaintiff on April 1, 2024.

       The Court's March 18, 2024 Standing Order states:

> if the court receives notice from the United States Postal Service that an order has been returned to the court, or otherwise receives information that the address of record for a self-represented plaintiff is no longer valid, the court may issue an Order to Show Cause why the cause should not be dismissed without prejudice for failure to comply with this order.

*Id.*

      A March 13, 2025 order of the Court was returned as not deliverable to Plaintiff at his currently listed address at Woodbourne Correctional Facility. *See* Court Docket Entry dated April 22, 2025. Thereafter, Defendants advised the Court that Plaintiff was released from Woodbourne Correctional facility on March 20, 2025. [ECF No. 21]. Plaintiff did not provide the Court with an

updated address. Accordingly, on May 12, 2025, the Court ordered Plaintiff to show cause on or before June 12, 2025, why this action should not be dismissed without prejudice for failure to comply with the March 18, 2024 Standing Order and update his address. [ECF No. 22 ("First Order to Show Cause")]. The Clerk of Court was directed to mail a copy of the First Order to Show Cause to Plaintiff's last known address and provide a copy to Plaintiff should he appear at the court's Pro Se Intake window. The Court warned Plaintiff that if he did not update his address on or before June 12, 2025, the Court would dismiss this action. [ECF No. 22]. Plaintiff was also warned that "failure to comply with this Order . . . may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence." [ECF No. 22]. Plaintiff did respond to the First Order to Show Cause or update his address.

As such, on June 25, 2025, in an effort to afford *pro se* plaintiff "special solicitude" *see Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018), the Court issued a Second Order To Show Cause. [ECF No. 25 ("Second Order to Show Cause")]. The Court ordered Plaintiff to show cause on or before July 30, 2025, why this action should not be dismissed without prejudice for failure to comply with the March 18, 2024 Standing Order and shall update his address on or before July 30, 2025. [ECF No. 25]. The Clerk of Court was again directed to mail a copy of the Second Order to Show Cause, to Plaintiff's last known address and provide a copy to Plaintiff should he appear at the court's Pro Se Intake window. [ECF No. 25]. Plaintiff was warned that if he "**fail[ed] to comply with this order, this case will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure, without prejudice to Plaintiff's filing a new civil action.**" [ECF No. 25]. Plaintiff was also warned that "failure to comply with this Order . . . may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or

preclusion of claims, defenses, arguments, or evidence." [ECF No. 25]. Plaintiff did not file a letter in response to the Second Order to Show Cause or update his address.

Federal courts may dismiss an action because of a plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Dismissal for failure to prosecute is a harsh sanction, and a district court may dismiss a *pro se* plaintiff's case for failure to prosecute only in extreme circumstances. *See Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014); *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)); *LeSane*, 239 F.3d at 209. In considering a Rule 41(b) dismissal, courts must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216.

The Court has carefully weighed all of these factors and concludes that dismissal is clearly warranted. Plaintiff has failed to update his address for nearly five months, and as explained above, Plaintiff was warned several times that this case would be dismissed if he failed to update his address. " '[T]he failure to maintain a current address with the Court is a ground for failure to prosecute' because 'the case cannot proceed' without such information." *Campbell v. New York City*, No. 19-CV-5431 (JMF), 2020 WL 469313, at *1 (S.D.N.Y. Jan. 29, 2020) (cleaned up)

(quoting *Pratt v. Behari*, No. 11-CV-6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012).

In light of the Court's inability to proceed without updated contact information for Plaintiff, dismissal of the case is warranted. However, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice ... is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close the case. Additionally, the Clerk of Court is respectfully requested to mail a copy of this order to Plaintiff's last known address. The Clerk of Court is directed to provide a copy of this order to Plaintiff should he appear at the court's Pro Se Intake window. The order also will be viewable on the court's electronic docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

**Date: August 15, 2025**
**New York, NY**

                                           **MARY KAY VYSKOCIL**
                                           **United States District Judge**